## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**BARBARA CAMPBELL,**

       **Plaintiff,**

**v.**                                    **Case No. 2:11-cv-00638**

**WEST VIRGINIA DEPARTMENT**
**OF HEALTH AND HUMAN RESOURCES,**
**JENNIFER WHITE, Intake Home Investigator,**
**REGINA CONFERE, Intake Home Investigator,**
**SHERYL JONES, Case Worker,**
**MELISSA HARRIS, Supervisory Coordinator,**
**TINA MITCHELL, Presently Supervisor,**
**JENNIFER MOORE, Adoption Unit Supervisor,**
**ANITA ADKINS, County Coordinator,**
**ERIKA YOUNG, DHHR Office of Inspector General,**
**JENNIFER VICTOR, Guardian Ad Litem, and**
**AMY PAXTON, Assistant Prosecutor,**

       **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On September 19, 2011, the plaintiff, proceeding *pro se*, filed a complaint in which she asks the court to reinstate her visitation with her granddaughters, to work with her to reunite her granddaughters into her family unit permanently, to expunge allegations of neglect and abuse from all records, and to award $7 million in compensatory and punitive damages.  (Complaint, ECF No. 2, at 9-10.)  The plaintiff has been in litigation concerning her granddaughters since 2004; on May 27, 2010, she filed a petition for appeal from a judgment of the Circuit Court of Kanawha County in the Supreme Court of Appeals, which petition was refused on October 20, 2010.  (ECF No. 2-1.)  She states that she is appealing that decision to this court.  (ECF No. 2, at 10.)

This case is assigned to the Hon. Joseph R. Goodwin, Chief Judge, and referred to the undersigned by Standing Order for submission of proposed findings and recommendation for disposition.  (ECF No. 4.)  For reasons set forth below, this case should be dismissed with prejudice and the plaintiff's application to proceed without prepayment of fees and costs should be denied.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a case where  a plaintiff seeks to proceed without prepayment of fees**,** the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  Denton v. Hernandez, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Rule 8(a) of the Federal Rules of Civil Procedure sets forth the requirements for stating a proper claim for relief: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." *Fed. R. Civ. P.* 8(a) (2011).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 562-563)); see also Anderson v. Sara Lee Corp.,

508 F.3d 181, 188 (4th Cir. 2007).  Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ."  Twombly, 550 U.S. at 555.  It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id.   The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim.   Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).   Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

The court must "'accept as true all of the factual allegations contained in the complaint . . . .'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 550 U.S. at 555); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

A complaint must also demonstrate the grounds for the federal court's jurisdiction.  Because the plaintiff is proceeding pro se, the court is obliged to construe her pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  A district court may dismiss a matter at any time if it appears that the court lacks subject matter jurisdiction.  See, e.g., Linville v. Price, 572 F. Supp. 345 (S.D. W. Va. 1983).

3

The plaintiff's complaint lacks a short and plain statement of the court's jurisdiction.  Furthermore, although the plaintiff has asserted a denial of her due process rights, which could invoke the court's federal question jurisdiction, it appears that the plaintiff is actually attempting to appeal from, or re-litigate, state law matters from the Circuit Court of Kanawha County, West Virginia.  The plaintiff's claims fail for several reasons.

### Rooker-Feldman Doctrine

First, this court is without jurisdiction to hear the plaintiff's claims under the Rooker-Feldman doctrine.  The Supreme Court made clear in D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" Friedman's Inc. v. Dunlap, 290 F.3d 191, 196-98 (4th Cir. 2002) (quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997)); Plyler v. Moore, 129 F.3d 728, 733 (4th Cir. 1997) (Rooker-Feldman applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court").  More recently, the Supreme Court reiterated that the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff is challenging one or more state court orders denying her visitation or custody rights of her grandchildren, and that this court's review of those decisions amounts to an

appeal therefrom, and is barred by the <u>Rooker-Feldman</u> doctrine.   Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss the plaintiff's complaint for lack of jurisdiction under the <u>Rooker-Feldman</u> doctrine.

### Eleventh Amendment Immunity

The plaintiff's complaint names defendants who are employees of the State of West Virginia or its agencies.   The plaintiff has not specified whether she is suing these defendants in their individual or official capacities.   However, to the extent that these defendants are named in their official capacities, claims for damages against them are barred by the Eleventh Amendment to the United States Constitution, which provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const., Amend. XI.[1] It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity.   <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 98-99, 101 (1984).    A state can only waive its sovereign immunity by unequivocal expressions or actions.  <u>Id.</u> at 99; <u>see also</u> <u>Edelman v. Jordan</u>, 415 U.S. 651, 673 (1921).   Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power.  <u>Seminole Tribe v. Florida</u>, 517 U.S. 44, 54 (1996).

The plaintiff has not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the State's Eleventh Amendment immunity, and the

---

[1]  Although not expressly stated in the amendment, the Eleventh Amendment has been held to bar suits against a state, or its officials, by its own citizens as well.  <u>See</u> <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-663 (1974).  Such is the case here.

plaintiff has failed to assert a meritorious argument that the State of West Virginia has waived its sovereign immunity. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the State of West Virginia and the defendants in their official capacity are immune from suit in this federal court under the Eleventh Amendment to the United States Constitution.

### Domestic Relations Exception

Even if the plaintiff could overcome the Eleventh Amendment bar to this lawsuit, the "domestic relations exception" to federal jurisdiction, as defined in <u>Barber v. Barber</u>, 62 U.S. 582 (1858), and <u>Ankenbrandt v. Richards</u>, 504 U.S. 689 (1992) applies to her claims. (<u>Id.</u> at 3-4). In <u>Ankenbrandt</u>, the Supreme Court held:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since <u>Barber</u>, divests the federal courts of power to issue divorce, alimony, and child custody decrees.
>
> * * *
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

504 U.S. at 703-704.

Plaintiff seeks, as part of her relief, an order restoring visitation rights with her grandchildren, which is exactly the type of claim intended to be barred under the domestic relations exception. Accordingly, the undersigned proposes that the presiding

6

District Judge **FIND** that the claims in the plaintiff's complaint fall within the domestic relations exception to federal jurisdiction and, thus, this court lacks jurisdiction to consider the plaintiff's claims.

### Absolute Immunity

The plaintiff has named an assistant prosecuting attorney, Amy Paxton, as one of the defendants.  A prosecuting attorney is entitled to absolute immunity for actions taken in her role as a prosecuting attorney.  In <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427 (1976), the Supreme Court held that a state prosecutor is entitled to the same absolute immunity under § 1983 that such prosecutor enjoys at common law.  The common law immunity of a prosecutor is based upon the same considerations that underlie the common law immunities of judges and grand jurors acting within the scope of their duties.  <u>Imbler</u>, 424 U.S. at 422-23.  The Supreme Court fully recognizes that "this immunity [may leave] the genuinely wronged defendant without civil redress . . . [however] the alternative of qualifying a prosecutor's immunity would defeat the broader public interest.  It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the criminal justice system."  <u>Imbler</u>, 424 U.S. at 427.  Thus, the Supreme Court underscored its previous reasoning that it is "better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation."  <u>Imbler</u>, 424 U.S. at 428.

While not every action by a prosecuting attorney is shielded by absolute immunity, the Supreme Court has applied absolute immunity to "quasi-judicial" functions of a prosecutor.  In <u>Imbler</u>, and again in <u>Burns v. Reed</u>, 500 U.S. 478, 486 (1991), the Supreme Court described "quasi-judicial functions" as being "intimately associated with the judicial phase of the criminal process."

In <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1463 ((3d Cir. 1992), the court described "quasi-judicial" actions as those taken while in court, or out of court actions that are "intimately associated with the judicial phases" of litigation.   The <u>Kulwicki</u> court noted that the "[i]mmunity extends to 'the preparation necessary to present a case,' and this includes the 'obtaining, reviewing, and evaluation of evidence.'" (quoting from <u>Scrob v. Catterson</u>, 948 F.2d 1402, 1406-07 (3d Cir. 1991), which cited <u>Imbler</u>, 424 U.S. at 431 n.33).   Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's complaint fails to state a claim upon which relief can be granted against defendant Amy Paxton.

### Recommendation

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS,** with prejudice**,** the plaintiff's complaint (ECF No. 2) under 28 U.S.C. § 1915(e)(2)(B), and **DENY** the plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 1).

### Notice

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

<u>October 17, 2011</u>

Mary E. Stanley
United States Magistrate Judge

9